IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>v.<br><br>ENRIQUE MEJORADA-CORDOVA<br>and JORGE GIL-MORENO,<br><br>           Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:07CR770 DAK |

This matter is before the court on Defendant Enrique Mejorada-Cordova's Motion to Dismiss Count III of the Indictment and on Defendant Jorge Gil Moreno's Motion to Dismiss Count III of the Indictment. A hearing on the motions was held on May 16, 2008. At the hearing, Mr. Mejorada-Cordova was represented by Vanessa M. Ramos, and Mr. Gil-Moreno was represented by Ronald Fujino. The United States was represented by Michael P. Kennedy. Before the hearing, the court carefully considered the memoranda and other materials submitted by the parties. Since taking the matter under advisement, the court has further considered the law and facts relating to these motions. Now being fully advised, the court renders the following Memorandum Decision and Order.

### Discussion

Defendants are each charged in Count III of the Indictment with violating 18 U.S.C. §1028A, which provides:

> Whoever, during and in relation to any felony violation enumerated in subsection 1028(c) knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person, shall, in addition to the punishment provided for such felony, be sentenced to a term of 2 years.

18 U.S.C. §1028A(a)(1); *see* Indictment at 3-4.

At issue in this case is whether this statute requires the government to prove that a defendant knowingly transferred, possessed, or used identification documents knowing that the identification belonged to another person. In other words, does the statute apply to conduct in which individuals knowingly transfer, possess, or use a means of identification but do not know that the identification numbers used actually belong to another person, such as when the numbers used to create false identification documents are randomly generated. The issue, therefore, is what does the word "knowingly" in § 1028A(a)(1) modify.

Courts have reached different conclusions in analyzing this question. Some have found that the word "knowingly" as used in § 1028A( modifies only "transfers, possesses, or uses," and does not apply to "a means of identification of another person."[1] Other courts have found that the word "knowingly" in this statute modifies the entire indivisible predicate: "transfers, possesses, or uses, without lawful authority, a means of identification of another person."[2] The Honorable Dee V. Benson of this district recently addressed this precise issue. *See United States v. Hairup,* 2008 WL 471710 (D. Utah Feb. 19, 2008) (Case No. 2:07CR566). In *Hairup*, the

---

[1] *See*, *e.g.*, *United States v. Hurtado*, 2007 WL 4125820 (11th Cir. Nov. 21, 2007); *United States v. Montejo*, 442 F.3d 213, 215 (4th Cir. 2006), *cert. denied*, 127 S. Ct. 366 (1006).

[2] *See*, *e.g.*, *United States v. Salazar-Montero*, 2007 U.S. Dist. LEXIS 79011, at *31 (N.D. Iowa, Oct. 25, 2007); *United States v. Beachem*, 399 F. Supp. 2d 1156 (W.D. Wash 2005).

court found that the better reasoned approach has "knowingly" modifying the entirety of the clause and that the legislative history reinforced that conclusion.  The court also concluded that, at best, the exact meaning of § 1028A(a)(1) is at best ambiguous, as the language at issue is undeniably subject to two interpretations.  *See Hairup*, 2008 WL 471710 at *4.  "And when this is the case, our tradition of fair play and justice has always favored the interpretation in favor of the accused."  *Id.* (citing *Adamo Wrecking Co. v. United States*, 434 U.S. 275, 285 (1978)).

For the reasons stated by the Honorable Dee v. Benson in *Hairup*, this court agrees with Defendants in this case that the better reasoned conclusion is that the word "knowingly," as used in § 1028A(a)(1), modifies the entire indivisible predicate: "transfers, possesses, or uses, without lawful authority, a means of identification of another person."  Moreover, there is no doubt that the language of the statute is subject to two interpretations, and thus, the Rule of Lenity dictates that it must be interpreted in favor of the accused.

Accordingly, to convict an accused under this statute, the government must prove that the defendant knowingly used the identify of another person to facilitate a serious crime.  Because there is no such evidence in this case, Count III must be dismissed as to both Mr. Mejorada-Cordova and Mr. Gil-Moreno.

Although the court has ruled in favor of Defendants, the court emphasizes that it finds no merit in Defendants' argument that the government here was improperly seeking the proverbial "second bite at the apple."  Defendants argue that the government was required to maintain a position consistent with Judge Benson's ruling in *Hairup* for the sake of intradistrict consistency and/or that the government waived its right to challenge Defendants' position in this case

because the government did not appeal the *Hairup* case. Defendants cite no authority for these propositions–and of course there is none. The United States is ethically required to zealously advocate for the people of the United States, and one district court judge's decision does not compel the United States Attorney's Office for that district to adopt that judge's position in other cases and/or before other district judges. In addition, the United States wisely chose not to appeal the *Hairup* ruling because this very issue has already been appealed to the Tenth Circuit Court of Appeals in another case. The court commends the United States for conserving taxpayer money and promoting judicial economy in refraining from appealing a redundant case. Thus, the court's ruling is based entirely on statutory interpretation and the Rule of Lenity–and not on Defendants' unmeritorious arguments pertaining to alleged improper conduct on the part of the government by challenging this issue in this court.

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that Defendant Enrique Mejorada-Cordova's Motion to Dismiss Count III of the Indictment [docket # 36] is GRANTED and Count III of the Indictment is DISMISSED as against him. In addition, Defendant Jorge Gil -Moreno's Motion to Dismiss Count III of the Indictment [docket # 35] is GRANTED, and Count III of the Indictment is DISMISSED as against him.

DATED this 4th day of June, 2008.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge